ROSEMARIE T. RING (State Bar No. 220769)
rose.ring@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

JORDAN D. SEGALL (State Bar No. 281102)
jordan.segall@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendant HTC America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN DROBNICK and ROBERT HOLMAN, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>     vs.<br><br>HTC CORPORATION and HTC AMERICA, INC.,<br><br>            Defendants. | Case No. 18-2591<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1453, 1441(b), & 1446**<br><br>[Removed from San Francisco County Superior Court, Case No. CGC-18-565124] |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE Defendant HTC America, Inc. ("Defendant") hereby removes the above-captioned action, which was commenced as Case Number CGC-18-565124 in the Superior Court of the State of California for the County of San Francisco, to the United States District Court for the Northern District of California, on the ground that federal diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"), pursuant to 28 U.S.C. §§ 1332, 1453, 1441(b), and 1446. In support of its Notice of Removal, Defendant states the following[1]:

1. Plaintiffs Bryan Drobnick and Robert Holmann served Defendant with a summons and a copy of the complaint (the "Complaint") in this putative class action on April 3, 2018, entitled *Drobnick et al. v. HTC Corporation et al.*, Case No. CGC-18-565124 (the "*Drobnick* Action"). This removal petition is therefore timely under 28 U.S.C. § 1446(b).

2. A correct copy of the Complaint in the *Drobnick* Action is attached here as **Exhibit A**, and a correct copy of the summons is attached here as **Exhibit B**. Defendant was also served with a Civil Case Cover Sheet, a correct copy of which is attached here as **Exhibit C**. Collectively, these exhibits constitute copies of all process, pleadings, and orders received by Defendant in the *Drobnick* Action. Defendant has not yet responded to the Complaint.

3. Diversity jurisdiction exists under CAFA, Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.), because (a) this litigation is brought as a "class action," as that term is defined in CAFA, (b) the "minimal diversity" of citizenship required by CAFA is satisfied, (c) the amount in controversy exceeds $5 million in the aggregate, (d) there are at least 100 class members, and (e) this Notice was timely filed.

---

[1] By rule, a removal petition must be a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Defendant reserves the right to submit further evidence in support of its factual allegations in response to any challenge to removal and federal jurisdiction in this matter. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (recognizing that the removal statute "tracks the general pleading requirement stated in Rule 8(a)," and requiring evidence in support of removal "only when the plaintiff contests, or the court questions, the defendant's allegation").

4. Because HTC America, Inc.'s co-defendant HTC Corporation has not yet been served, HTC Corporation need not join or consent to Defendant's notice of removal. *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join the notice of removal), *superseded by statute on other grounds as stated in Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988). Moreover, CAFA permits any defendant to remove unilaterally if the requirements of CAFA are met, as they are here. *See* 28 U.S.C. § 1453(b); *see also United Steel v. Shell Oil Co.*, 549 F.3d 1204, 1208–09 (9th Cir. 2008).

**REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED**

5. CAFA confers original federal jurisdiction over class actions when there is minimal diversity between the parties and the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d).

   a. <u>Class Action</u>. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by [one] or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs style their pleading a "Class Action Complaint" and allege that they "bring this lawsuit on behalf of themselves and all similarly situated individuals and entities, pursuant to Code of Civil Procedure § 382," *see* Compl. ¶ 74, which is California's equivalent to Rule 23 of the Federal Rules of Civil Procedure, *see Baumann v. Chase Inv. Serv. Co.*, 747 F.3d 1117, 1121 (9th Cir. 2014) (referring to Cal. Civ. Code § 382 as "the California class action statute"). The "class action" requirement of CAFA is therefore satisfied.

   b. <u>Diversity of Citizenship</u>. CAFA's diversity of citizenship requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, Plaintiffs allege that they are individuals who reside in California. Residence in California creates a rebuttable presumption of domicile in California for purposes of diversity jurisdiction. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *Bergman v. Bank of Am.*, No. 13–00741, 2013 WL 5863057, at *1 n.2 (N.D. Cal. Oct. 23,

1  2013) ("A party's residence is prima facie evidence of domicile. In the absence of evidence to the
2  contrary, a party will be treated as a citizen of its state of residence.").
3  Defendant is a Washington corporation with its principal place of business in
4  Seattle, Washington. *See* Newbyhouse Decl. ¶ 2; *see also* 28 U.S.C. § 1332(c)(1) (defining
5  citizenship of corporation for purposes of diversity jurisdiction as states where corporation is
6  incorporated and has its principal place of business).
7  Because at least two members of the putative class—the named Plaintiffs
8  themselves—are citizens of a different state than Defendant, CAFA's minimal-diversity
9  requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).
10  c.  Amount in Controversy. CAFA's amount in controversy requirement is
11  satisfied if the claims of individual class members, when aggregated, exceed $5,000,000 exclusive
12  of interests and costs. 28 U.S.C. § 1332(d)(2), (6). To determine the amount in controversy, "a
13  court must assume that the allegations of the complaint are true" and that the trier of fact will
14  return a verdict for the plaintiff "on all claims made in the complaint." [2] *Kenneth Rothschild Trust*
15  *v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *Coleman-Anacleto v.*
16  *Samsung Elecs. Am., Inc.*, No. 16-02941, 2016 WL 4729302, at *5 (N.D. Cal. Sept. 12, 2016).
17  The ultimate inquiry is what amount is put "in controversy" by the complaint, not what the
18  defendants will actually owe if the plaintiff prevails. *Rippee v. Boston Market Corp.*, 408 F. Supp.
19  2d 982, 986 (S.D. Cal. 2005).
20  Allegations in Plaintiffs' Complaint demonstrate that the amount in controversy
21  exceeds the CAFA jurisdictional minimum of $5 million. Plaintiffs assert claims on behalf of
22  "[a]ll persons who purchased at least one HTC Bolt in the United States." Compl. ¶ 74. Plaintiffs
23  allege that, if they had known of the alleged defects with the HTC Bolt, they "would not have
24  purchased an HTC Bolt," or "would have paid less for it." (Compl. ¶¶ 20, 30.) On that basis,

---

[2] Defendant denies any liability in this case and intends to oppose Plaintiffs' individual claims as well as class certification of the putative class claims. In evaluating the amount in controversy, Defendant does not concede liability in this action, but merely determines how much is "in play" for purposes of the jurisdictional requirements of CAFA removal. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010).

3

Plaintiffs seek several forms of monetary relief, including (1) "the difference between the price consumers paid for the Devices and the price they would have paid but for Defendants' misrepresentations," Compl. ¶ 95; (2) "full restitution of monies … to restore any and all monies acquired by Defendants from Plaintiffs … plus interest thereon," *id.* ¶ 105; (3) "any money Defendants acquired by unfair competition, including restitution," *id.* ¶ 139; (4) punitive damages, *id.* ¶ 123; and (5) attorneys' fees, *id.* at ¶ 97.

Approximately 88,000 HTC Bolts were purchased by consumers in the United States. Newbyhouse Decl. ¶¶ 3–5. Plaintiffs allege that the HTC Bolt cost $600 new at retail and today costs "around $150." Compl. ¶ 32. Accordingly, Plaintiffs' Complaint puts at issue compensatory damages in an amount equal to between $13,200,000 (assuming each of the 88,000 HTC Bolts were purchased for the current price of $150) and $52,800,000 (assuming each of the 88,000 HTC Bolts were purchased for the original price of $600), even before punitive damages and attorneys' fees are taken into account. Accordingly, CAFA's amount-in-controversy requirement is satisfied.

d.  Number of Proposed Class Members. Plaintiffs assert their claims on behalf of a nationwide class of all purchasers of the HTC Bolt, of which there are more than 80,000. Newbyhouse Decl. ¶¶ 3–5. This action therefore satisfies CAFA's requirement that the proposed class action include at least 100 persons. *See* 28 U.S.C. § 1332(d)(5).

e.  No CAFA Exceptions. This case does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d).

**OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED**

6.  Removal is Timely. Defendant was served with the Complaint on April 3, 2018. Thus, this notice of removal is timely, as the 30-day period for removal has not expired.

7.  Remove to the Proper Court. Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of California embraces the County of San Francisco, where this action is now pending. *See* 28 U.S.C. § 84(a).

1  Because this action arises in San Francisco County, it should be assigned to the San Francisco
2  Division or the Oakland Division.  *See* Civil L.R. 3-2(d).
3        8.    <u>Pleadings and Process</u>.  Defendant has complied with 28 U.S.C. § 1446(a) and (d)
4  by attaching correct copies of all process, pleadings, or orders on file in the state court or served
5  on Defendants as exhibits to this Notice.
6        9.    <u>Filing and Service</u>.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice will be
7  filed with the Clerk of the Superior Court of the State of California, County of San Francisco, and
8  will be served on all parties.  A Certificate of Service of Notice to Adverse Party and State Court
9  of Removal to Federal Court will also be filed with this Court.  This Notice of Removal is signed
10 pursuant to Federal Rule of Civil Procedure 11.  *See* 28 U.S.C. § 1446(a).
11       10.   <u>No Waiver or Admission</u>.  This Notice of Removal is presented for the purpose of
12 establishing jurisdiction only.  Defendant denies the allegations and damages claimed in the
13 Complaint, and files this Notice without waiving any defenses, exceptions, or obligations that may
14 exist in its favor in either state or federal court.  Nothing herein shall constitute an admission as to
15 any of the allegations in the Complaint, including whether Plaintiffs are entitled to bring this case
16 as a class action or recover any relief whatsoever as a result of their claims.
17       BASED ON THE FOREGOING, Defendant hereby removes this action, now pending in
18 the Superior Court of the State of California for the County of San Francisco, Case Number CGC-
19 18-565124, to the United States District Court for the Northern District of California, San
20 Francisco Division.

DATED:  May 2, 2018                MUNGER, TOLLES & OLSON LLP

                                   By:  */s/ Rosemarie T. Ring*
                                        ROSEMARIE T. RING
                                        Attorneys for Defendant HTC America, Inc.